STATE OF NEBRASKA, APPELLEE, V. ROBERT G. MAIRE, APPELLANT.

355 N.W.2d 796

Filed October 5, 1984.   No. 84-210.

William J. Panec, for appellant.

Paul L. Douglas, Attorney General, and Calvin D. Hansen, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Robert G. Maire appeals the sentence imposed by the district court for Jefferson County, and assigns as error abuse of discretion on the part of the trial court in imposing a minimum sentence in excess of the minimum limit prescribed by Neb. Rev. Stat. § 83-1,105 (Reissue 1981). We reverse and remand for sentence.

Maire was initially charged with two criminal offenses which occurred on September 12, 1983. Pursuant to a plea agreement, Maire entered his guilty plea to a charge of theft in violation of Neb. Rev. Stat. § 28-511(1) (Cum. Supp. 1982), a Class IV felony pursuant to Neb. Rev. Stat. § 28-518(2) (Reissue 1979). A Class IV felony is punishable by imprisonment from 0 to 5

years, a fine of $10,000, or both imprisonment and fine. See Neb. Rev. Stat. § 28-105 (Reissue 1979). The district court accepted Maire's guilty plea and, after rendition of a presentence report, on February 21, 1984, sentenced Maire to imprisonment in the Nebraska Penal and Correctional Complex for a term not less than 2 nor more than 4 years.

Maire alleges abuse of discretion in the sentence imposed. To support his claim of error Maire relies upon § 83-1,105(1) concerning an indeterminate sentence, that is, a court may "[f]ix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law nor more than one-third of the maximum term, and the maximum limit shall not be greater than the maximum provided by law." On account of the foregoing statute Maire contends that his sentence is excessive, namely, the permissible minimum sentence should have been 20 months, not 2 years or 24 months imposed by the trial court.

The State concedes there has been an abuse of discretion in sentencing Maire insofar as the minimum sentence imposed does exceed the statutory minimum permissible.

Disposition in this court is achieved pursuant to Neb. Rev. Stat. § 29-2308 (Cum. Supp. 1982), which in pertinent part provides:

> In all criminal cases that are now, or may hereafter be pending in the Supreme Court, the court may reduce the sentence rendered by the district court against the accused, when in its opinion the sentence is excessive, and it shall be the duty of the Supreme Court to render such sentence against the accused as in its opinion may be warranted by the evidence.

The presentence report reveals that appellant is 23 years of age and unmarried. Prior criminal episodes include: window peeping and disturbing the peace (8/10/81, fine and 10 days in jail); burglary (8/19/81, 1 to 3 years in the Nebraska Penal and Correctional Complex); procuring liquor for a minor (10/5/83, 7 days in jail); and a pending charge of an insufficient fund check to which appellant has entered a plea of guilty and is awaiting sentence.

Under the circumstances the appropriate sentence is: Maire

shall be imprisoned in the Nebraska Penal and Correctional Complex in Lincoln, Nebraska, for a period of not less than 20 months nor more than 4 years, at hard labor, Sundays and holidays excepted, and solitary confinement to be no part of said sentence, provided that Maire shall receive credit for time confined in the Jefferson County jail awaiting disposition in the district court.

Therefore, the judgment and sentence of February 21, 1984, shall be and hereby are affirmed but modified in accordance with this opinion.

AFFIRMED AS MODIFIED.